| | |
|---|---|
| WELLNESS SOLUTIONS <br> GERIATRICS, PLLC <br><br> Plaintiff, <br><br> v. <br><br> CENTERS FOR MEDICARE & <br> MEDICAID SERVICES <br><br>    Serve:   CMS <br>                  7500 Security Blvd <br>                  Baltimore, MD 21244 <br><br> PALMETTO GBA <br><br>    Serve:   P.O. Box 100277 <br>                  Columbia, SC 29202-3277 <br><br> AND <br><br> SGS SOUTHEASTERN UNIFIED <br> PROGRAM INTEGRITY <br> CONTRACTOR <br><br>    Serve:   Ms. Markie High <br>                  3450 Lakeside Drive <br>                  Suite 201 <br>                  Miramar, FL 33027 <br><br>           Defendants. | NO. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Wellness Solutions Geriatrics, PLLC ("Plaintiff"), by counsel and for its Complaint against the Centers for Medicare and Medicaid Services, Palmetto GBA and SGS Southeastern Unified Program Integrity Contractor ("Defendants"), states as follows:

## I. JURISDICTION AND VENUE

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of records in the possession of the Centers for Medicare and Medicaid Services ("CMS"), Palmetto GBA and SGS Southeastern Unified Program Integrity Contractor ("SGS").

2. This Court has jurisdiction and venue over this action pursuant to 5 U.S.C.§ 552(a)(4)(B).

## II. PARTIES

3. Plaintiff provides medical, psychiatric and other support services to patients in long term care facilities and in-patient hospitals, assisted living facilities, and independent living homes throughout the Southeast United States. The Plaintiff's principal place of business is Nashville, Tennessee.

4. Defendant Centers for Medicare and Medicaid Services ("CMS") is an agency of the federal government charged with providing Americans access to necessary health care. CMS's headquarters are in Baltimore, Maryland.

5. Defendant Palmetto GBA is a Medicare Administrative Contractor that, among other things, provides claims processing for the Center for Medicare and Medicaid Services. Palmetto GBA has jurisdiction for Medicare Part B providers in Alabama, Georgia and Tennessee. Palmetto GBA's principal place of business is Columbia, South Carolina.

6. Defendant SGS is a Medicare program integrity contractor for the Southeastern

United States. SGS's principal place of business is Miramar, Florida.

## III. STATEMENT OF FACTS

7. WSG provided medical, psychiatric and other services to patients at over two hundred skilled nursing facilities and two behavioral health hospitals.

8. By letter dates November 1, 2018, SGS, notified WSG that its Medicare payments had been suspended due to "credible allegations of fraud" related to CPT Code 90785, which is an add-on code for psychiatric therapy. SGS alleged only that the services were not medically necessary or were "up-coded or over-utilized."

9. CPT Code 90785 constituted less than 5% of WSG's billings. Nonetheless, SGS suspended all Medicare payments.

10. Rather than lift the Medicare payment suspension after all of the alleged up-coding for CPT Code 90785 had been recouped, SGS requested an additional sixty medical records. WSG informed SGS these records were incomplete, and that additional records needed to be obtained from the various facilities where the patients received medical services.

11. Upon information and belief, SGS did not obtain any additional medical records from the facilities.

12. Following the review of these additional records, SGS concluded WSG had not committed fraud.

13. Had SGS originally alleged overpayment, as opposed to fraud, SGS could not have caused WSG's Medicare payments to be suspended.

14. SGS has caused approximately $1,750,000 to be held by CMS.

15. On March 1, 2019, SGS sent WSG a demand letter for $10,240,834.64, which appears to be 100% of the claims submitted from the inception of WSG.

16. On May 8, 2019, SGS retracted this demand letter because it had incorrectly

3

Case 3:20-cv-00134   Document 1   Filed 02/14/20   Page 3 of 7 PageID #: 3

calculated the overpayment amount.

17. On May 31, 2019, SGS submitted a new demand letter to WSG for $8,747,968.64.

18. WSG repeatedly requested SGS provide the specific reasons for the findings of overpayment. This information is necessary for WSG to adequately appeal SGS's overpayment determination.

19. On September 27, 2019, WSG filed an appeal to Palmetto GBA of SGS's overpayment determination.

20. CMS requires providers to progress through five levels of a Medicare appeal for denials of payments. When a request is made for a redetermination, the party seeking the redetermination "should include any evidence that the party believes should be considered by the contractor in making its redetermination." *See* 42 CFR § 405.900.

21. According to the Medicare Program Integrity Manual, § 4.8.2, "an appeals case file is discoverable by the appellant. This means that the appellant can receive a complete copy of the case file."

22. WSG has made numerous requests to SGS and Palmetto GBA for SGS's documentation supporting its overpayment allegations.

23. SGS and Palmetto GBA have declined to provide their full overpayment determination to WSG. This information is necessary so WSG can adequately appeal the overpayment finding.

24. On May 17, 2019, WSG submitted a FOIA request to SGS and Palmetto GBA seeking all documentation of SGS's overpayment determination. *See* Ex. A.

25. SGA responded to this request, in part, by stating approximately 147 times, in various iterations, that "the information provided does not support the need for this service or item.

Non-covered services because this is not deemed a medical necessity by the payor….". SGA never provided the requested review files, reviewer notes, or other documentation relied upon as required. Palmetto GBA issued no response to the FOIA request.

26. On October 15, 2019, WSG again submitted a FOIA request to Palmetto GBA for "a complete copy of the review file, including but not limited to, all reviewer notes, documents relied upon, specifics related to the reasons and rational relied upon by the reviewer / reviewers. In reaching the overpayment decision"...*See* Ex. B.

27. On November 12, 2019, Palmetto GBA responded by stating "records responsive to your request are not within our authority to release". The response further stated that Palmetto "forwarded those recodes, and a copy of your request to…Donna Mott at the Centers for Medicare & Medicaid Services". *See* Ex. C.

28. On November 14, 2019, Donna M. Mott responded stating "the CMS process for documents of this nature are not within our authority to release". *See* Ex. D.

29. <u>No further response from Palmetto GBA or CMS has been received.</u>

30. Plaintiff has a statutory right to the records that it seeks, and there is no legitimate legal basis for the Defendants' refusal to disclose them.

31. Absent access to the requested files, WSG is effectively placed into a position where WSG is required to guess at the reasons for denial of payment and then appeal the decision of SGS and Palmetto based upon guess work. As such, as a direct result of the denial of access to records by the Defendants, WSG has been denied due process in regard to its ability appeal the decision to withhold in excess of $1, 750,000.00 as well as the ability to defend additional claims in the amount of $8,747,968.64.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. DECLARE that Defendants' refusal to disclose the records requested by Plaintiff is unlawful and in violation of FOIA;

2. ORDER the Defendants make the requested records available to the Plaintiff;

3. AWARD Plaintiff its costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552a(g)(1)(3)(A); and

4. GRANT any and all such further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ C. Timothy Gary
C. Timothy Gary
Dickinson Wright PLLC
424 Church Street
Suite 800
Nashville, TN 37219
Phone: 615-780-1105
Fax: 844-670-6009
Email: tgary@dickinsonwright.com

M. Kimberly Stagg
Dickinson Wright PLLC
424 Church Street
Suite 800
Nashville, TN 37219
Email: kstagg@dickinsonwright.com

Andrew L. Sparks
Dickinson Wright PLLC
300 West Vine Street
Suite 1700
Lexington, KY 40507
Email: asparks@dickinsonwright.com

*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

      I hereby certify that on this 14th day of February, 2020, a true and exact copy of the foregoing has been served by first class mail, postage prepaid, upon the following:

Centers for Medicare & Medicaid Services
7500 Security Blvd.
Baltimore, MD 21244

Palmetto GBA
P.O. Box 100277
Columbia, SC 29202-3277

SGS Southeastern Unified Program Integrity Contractor
Ms. Markie High
3450 Lakeside Drive
Suite 201
Miramar, FL 33027

      /s/ C. Timothy Gary
      C. Timothy Gary

4853-1031-1603 v2 [85864-1]

7

Case 3:20-cv-00134   Document 1   Filed 02/14/20   Page 7 of 7 PageID #: 7